UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNIE WILLIAMS,

    Plaintiff,                                          CIVIL ACTION NO. 2:12-cv-14279

v.                                               HON. GERALD E. ROSEN

ANGELA WALLACE,

    Defendant(s).
_____/

ORDER DENYING MOTION FOR REHEARING/RECONSIDERATION

This matter is presently before the Court on Plaintiff Ronnie Williams' November 16, 2012 Motion for Rehearing/Reconsideration. In this motion, Plaintiff seeks reconsideration and reversal of the Court's October 23, 2012 Opinion and Order summarily dismissing Plaintiff's prisoner civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim.

The requirements for the granting of motions for rehearing or reconsideration are set forth in Eastern District of Michigan Local Rule 7.1(h), which, in relevant part, provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(h)(3).

Therefore, in order to prevail on a motion for rehearing or reconsideration, the movant must not only demonstrate a palpable defect by which the Court has been misled, he must also show that a different disposition of the case must result from a correction of that defect.  A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004).  Moreover, a motion that merely presents the same issues already ruled upon by the Court -- either expressly or by reasonable implication -- will not be granted.  L.R. 7.1(g);  *see also Flanagan v. Shamo,* 111 F. Supp. 2d 892, 894 (E.D. Mich. 2000).

Fed. R. Civ. P. 59(e) also may be used as a vehicle for seeking reconsideration of a court's prior ruling.  Generally, there are three situations which justify reconsideration under Rule 59(e):  (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in controlling law; or (4) to prevent manifest injustice.  *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005); *see also GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).  However, like the Local Rule, motions under Rule 59(e) "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000).  "A motion to alter or reconsider a judgment is an extraordinary remedy and should be

granted sparingly." *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995); *United States v. Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998) (*citing Sussman v. Salem, Saxon & Nielsen, P.A .*, 153 F.R.D. 689, 694 (M.D. Fla. 1994), *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa.1992)).

By application of the foregoing authorities, the Court will deny Plaintiff's November 16, 2012 motion. Plaintiff Williams' motion merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication. Furthermore, Plaintiff has not shown a "palpable defect" by which the Court has been misled. Accordingly,

IT IS HEREBY ORDERED that Plaintiff's November 16, 2012 Motion for Rehearing/Reconsideration **[Dkt. # 8]** is DENIED.

IT IS FURTHER ORDERED that Plaintiff may not pursue an appeal without prepaying the appellate filing fee because the issues are frivolous and an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

        s/Gerald E. Rosen  
        Chief Judge, United States District Court

Dated: November 27, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 27, 2012, by electronic and/or ordinary mail.

        s/Julie Owens  
        Case Manager